UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ERNEST LIRA JR. AND YESSICA ALEJANDRA LIRA §§§§§<br><br>*Plaintiff,* §§§§<br><br>v. §§§<br><br>PNC BANK §§§§§§<br><br>*Defendant.* § | Civil Action No. 23-cv-828 |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1332 AND 1441 AND 1446, Defendant, PNC Bank, removes this action from the 57th Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, and in support thereof would show unto the Court the following:

### STATE COURT ACTION

1. On June 2, 2023, Plaintiffs Ernest Lira Jr. and Yessica Alejandra Lira ("Lira") filed their Original Petition (the "Complaint"), *Ernest Lira Jr. and Yessica Alejandra Lira v. PNC Bank,* Cause No. 2023CI10939, in the 57th Judicial District Court of Bexar County, Texas.

2. Pursuant to 28 U.S.C. §1446(d), this Notice of Removal will be filed with the 57th Judicial District Court of Bexar County, Texas, and a copy of this Notice of Removal will also be served on all parties. Defendant has filed contemporaneously with this Notice a civil cover sheet, certificate of interested persons and disclosure statement that complies with Fed R. Civ. P. 7.1.

3. In the State Court Action, Plaintiff alleges various causes of action centered around the foreclosure of the real property commonly known as 13934 Evelina, San Antonio, Texas 78253

(the "Property").   Plaintiff's lawsuit seeks damages stemming from the alleged wrongful foreclosure of the Property.

4. Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, orders, and other papers filed in the 57th Judicial District Court and obtained by Defendant are attached hereto.

5. In support of this removal and as required by Local Rule, please find attached as follows:

**Exhibit A**   Index of Matters Being Filed;

**Exhibit B**   Civil Cover Sheet;

**Exhibit C**   State Court File;

**Exhibit D**   State Docket Sheet;

**Exhibit E**   List of all parties and counsel of record, including addresses, telephone numbers and parties represented; and

**Exhibit F**   Bexar County Appraisal District valuation for the Property;

## TIMELINE FOR NOTICE OF REMOVAL

6. Defendant PNC Bank has not been served in this matter and therefore removal is timely. 28 U.S.C. §1446(b)(1).

## BASIS FOR REMOVAL: DIVERSITY OF CITIZENSHIP

7. The Court has original jurisdiction over this action pursuant to §§1332(a)(1) because there is complete diversity of the Parties and the amount in controversy exceeds $75,000.

   a. **Diversity of Citizenship**

8. Removal in this case is proper because this Court has diversity jurisdiction under 28 U.S.C. §1332(a)(1).  Where there is complete diversity among parties and the amount in controversy exceeds $75,000.00, an action may be removed to federal court.

9. This controversy is entirely between citizens of different states as required for diversity jurisdiction under 28 U.S.C. §1332(a)(1), in that every defendant is diverse from Plaintiff.

10. Based upon Plaintiff's Complaint, Plaintiff is a citizen of Bexar County, Texas.

11. A national bank "is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006). Defendant, PNC Bank, National Association ("PNC"), is a national bank with its main office, as set forth in its articles of association, in Delaware.

### b. Amount in Controversy Exceeds $75,000.

12. Although Plaintiff's Petition does not specifically allege the amount in controversy, it is clear from review of Petition and the evidence attached hereto that the amount in controversy exceeds $75,000.

13. The Petition seeks damages related to the foreclosure on the Property. "In actions seeking declaratory relief or injunction relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). Put another way, "[t]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reinsurance Co., Ltd. V. Greenberg*, 134 F.3d 1250, 1252-1253 (5th Cir. 1998). "It is well established in actions in which declaratory or injunctive relief is sought, the amount in controversy for jurisdictional purposes is measured by the direct pecuniary value of the right which the plaintiff seeks to enforce or protect or the value of the object which is the subject matter of the suit." *Martinez v. BAC Home Loans Servicing. LP*, 777 F. Supp. 2d 1039, 1044 (W.D.Tex.2010); see also *Hartford Ins. Group v. Lou–Con Inc.*, 293 F.3d 908, 910 (5th Cir.2002) ("The amount is controversy is 'the value of the right to be protected or the extent of the injury to be prevented.'") (quoting *Leininger*, 705 F.2d

727, 729 (5th Cir.1983)). The Fifth Circuit has held that when the right to the property is at issue, the value of the property controls the amount in controversy. *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir.1961); see also *Nationstar Mortg. LLC v. Knox*, 351 Fed. Appx. 844, 848 (5th Cir.2009) (Waller extended to a suit seeking injunctive relief to prevent foreclosure).

14. The most recent tax appraisal for the Property valued it at $420,160.00.[1] This alone satisfies the $75,000 requirement. See *Griffin*, 2010 WL 4781297 at *3 (considering appraisal district figure as evidence that amount in controversy requirement was met); *Eisenberg v. Deutsche Bank Trust Co. Americas*, No. SA–11–CV–384–XR, 2011 WL 2636135, *1 (W.D. Tex. 2011), 2011 WL 2636135 at *1 (same). Accordingly, considering the value of the Property, it is apparent on the face of Plaintiff's Complaint that the amount in controversy more likely than not exceeds $75,000.

## VENUE

16. Venue for this Removal is proper in the United States District Court for the Western District of Texas, San Antonio Division, because this district and division includes Bexar County, Texas, which is the location of the pending state court action. 28 U.S.C. §1441(a).

## CONCLUSION

WHEREFORE Defendant PNC Bank removes this action from the 57th Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, so that this Court may assume jurisdiction over the cause as provided by law.

---

[1] *See* Exhibit F, Bexar County Appraisal District valuation for the Property for 2023.

*Defendant's Notice of Removal*
C&M No. 23-0058 / Lira

Respectfully submitted,

**CODILIS & MOODY, P.C.**

*/s/ Kathryn Dahlin*
Kathryn Dahlin SBOT 24053165
Nicole M. Bartee SBOT 24001674
Danya F. Gladney SBOT 24059786
Kelly M. Doherty SBOT 24118059
20405 State Highway 249, Ste 170
Houston, TX 77070
Telephone: (281) 925-5200
Email: Kathryn_Dahlin@tx.cslegal.com
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of June, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, and will send a true and correct copy to the following:

*Via Electronic Service*

Gregory T. Van Cleave
1520 W. Hildebrand
San Antonio, TX 78201
Greg_v@vancleavelegal.com

**ATTORNEY FOR PLAINTIFF**

*/s/ Kathryn Dahlin*
Kathryn Dahlin

*Defendant's Notice of Removal*
*C&M No. 23-0058 / Lira*